# No. 25-20086

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

ROBERT FLETCHER,

> PLAINTIFF – APPELLANT

V.

EXPERIAN INFORMATION SOLUTIONS, INCORPORATED;
BRIDGECREST CREDIT COMPANY, L.L.C.,

> DEFENDANTS – APPELLEES

**On Appeal from**
United States District Court for the Southern District of Texas
4:24-CV-370

## REPLY BRIEF OF APPELLANT ROBERT FLETCHER

Heather Hersh
TX Bar Number 24025426
FCRA ATTORNEYS
5301 Alpha Road, Suite 80-5
Dallas, TX 75240
T: (214) 945-0000
F: (469) 669-0786
www.fcraattorneys.com

1

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS.........................................................................................2

TABLE OF AUTHORITIES .................................................................................3

SUMMARY OF ARGUMENT ………………………………………………....5

ARGUMENT ........................................................................................................7

A.     INTRODUCTION……………………………………………….……7

B.     STANDARD OF REVIEW……………………………………..….…..8

C.     THE DISTRICT COURT ERRED IN IMPOSING SANCTIONS UNDER § 1927……………………………………………………………...…9

D.     THE DISTRICT COURT'S FINDINGS WERE PROCEDURALLY AND FACTUALLY DEFICIENT……………………………………………12

E.     THE FEE AWARD WAS EXCESSIVE AND UNSUPPORTED …….…..18

CONCLUSION ....................................................................................................24

CERTIFICATE OF SERVICE .............................................................................29

CERTIFICATE OF COMPLIANCE.....................................................................30

## TABLE OF AUTHORITIES

**Cases**

*Bryant v. Military Dep't of Miss.*,
597 F.3d 678, 682 (5th Cir. 2010)……………………………...………………….23

*Childs v. State Farm Mut. Auto. Ins. Co.*,
29 F.3d 1018, 1023 (5th Cir. 1994)……………………………………………….28

*Coghlan v. Starkey*,
852 F.2d 806, 809 (5th Cir. 1988)………………………...………...………7, 23, 27

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384, 397 (1990)…………………………………..…6, 13, 14, 22, 26, 27

*Deepwater Horizon v. Lake Eugenie Land & Dev., Inc.*,
857 F.3d 246, 250 (5th Cir. 2017)………………………………...………11, 12, 16

*Donaldson v. Clark*,
819 F.2d 1551, 1556 (11th Cir. 1987)………………………………………….....28

*Edwards v. Gen. Motors Corp.*,
153 F.3d 242, 246 (5th Cir. 1998)………………………………..………8, 13, 17

*Fox v. Vice*,
563 U.S. 826, 836 (2011)…………………………………6, 13, 14, 18, 19, 20, 21, 27

*Hensley v. Eckerhart*,
461 U.S. 424, 434–35 (1983)……………………………………...………20

*In re Case*,
937 F.2d 1014, 1023 (5th Cir. 1991)………………………………….....23, 28

*Lewis v. Brown & Root, Inc.*,
711 F.2d 1287, 1292 (5th Cir. 1983)…………………………..………..……23, 28

*Matta v. May*,
118 F.3d 410, 413 (5th Cir. 1997)……………………………………….……..24

*Mendez v. County of San Bernardino*,
540 F.3d 1109, 1131 (9th Cir. 2008)…………………………………………..28

*Morrison v. Walker*,
939 F.3d 633, 636–37 (5th Cir. 2019)………………………....……..9, 10, 11

*Peterson v. BMI Refractories*,
124 F.3d 1386, 1396 (11th Cir. 1997)……………………………..………….9

*Puckett v. United States*,
556 U.S. 129, 135 (2009)……………………………………….……….15, 16

*Thomas v. Capital Sec. Servs.*,
836 F.2d 866, 873–74 (5th Cir. 1988)…………………………….………..28

*United States v. Miller*,
953 F.3d 1095, 1101 (9th Cir. 2020)………………………..……………..13

*Vaughan v. Lewisville Indep. Sch. Dist.*,
62 F.4th 199, 207 (5th Cir. 2023)………………….……5, 6, 18, 19, 20, 21, 23, 27

## Rules

Federal Rule of Appellate Procedure 38………….……………….5, 6, 22, 27

Federal Rule of Civil Procedure
11………………………………..…….5, 6, 7, 8, 11, 12, 13, 15, 16, 17,
18, 20, 23, 24, 27, 28

## Statutes

28 U.S.C. § 1927…..………...…5, 7, 8, 9, 10, 11, 13, 15, 17, 18, 19, 21, 24, 27, 28

## SUMMARY OF ARGUMENT

The district court's sanctions order rests on procedural shortcuts, speculative evidence, and *post hoc* rationalizations. Experian and Bridgecrest seek to reframe a live dispute as frivolous, relying on internal records that were never disclosed pre-suit, authenticated, or tested through adversarial process. The sanctions were imposed without formal notice, without briefing, and without evidentiary hearing, violating the safeguards required under Rule 11, § 1927, and the court's inherent powers. See Federal Rule of Civil Procedure 11.

Experian's § 1927 theory fails for lack of procedural multiplication. See 28 U.S.C. § 1927. One complaint, supported by sworn FTC documentation and consistent fraud assertions, does not constitute vexatious conduct. Bridgecrest's Rule 11 theory collapses under its own timeline: its internal records were produced after filing and cannot retroactively render the claims frivolous. The district court's fee award is excessive, causally untethered, and unsupported by line-item findings, violating the Fifth Circuit's mandate in *Vaughan*. See *Vaughan v. Lewisville Indep. Sch. Dist.,* 62 F.4th 199, 207 (5th Cir. 2023).

Bridgecrest's Rule 38 request is procedurally defective and strategically abusive. See Federal Rule of Appellate Procedure 38. Bridgecrest seeks appellate penalties based on trial-level speculation, *post hoc* narrative, and unauthenticated

records, precisely the kind of overreach Rule 38 was designed to deter. Fletcher's appeal raises legitimate questions about due process, evidentiary rigor, and fee apportionment. The record reflects genuine disputes, not objective frivolity. Bridgecrest's attempt to weaponize appellate sanctions confirms the need for reversal and remand under proper procedural safeguards.

The sanctions order violates Rule 11(c)(2), rests on *post hoc* justification barred by *Fox* and *Cooter*, and awards fees without causation segregation required by *Vaughan*. These defects are not discretionary; they are structural, and they compel reversal.

# ARGUMENT

## A.    INTRODUCTION

Experian recasts a disputed record as settled, seeking sanctions grounded in untested assumptions and defense narrative, not adversarial process. The district court's order rests on premature factual conclusions, procedural shortcuts, and a misapplication of § 1927. See 28 U.S.C. § 1927. Counsel did not multiply proceedings; he litigated a claim supported by sworn statements and FTC documentation. Experian's position conflates zealous advocacy with sanctionable misconduct and ignores the procedural safeguards that § 1927 and the court's inherent powers require. The Fifth Circuit has cautioned that sanctions must not deter legitimate advocacy. See *Coghlan*, 852 F.2d at 809. Because these defects strike at the court's very authority to impose sanctions, they trigger *de novo* review by this Court rather than deferential review. The sanctions order was imposed without briefing, evidentiary hearing, or formal notice, triggering de novo review and constitutional scrutiny.

Bridgecrest portrays a live dispute as procedurally resolved, despite the absence of adjudication, discovery, or factual testing. Bridgecrest similarly relies on post-filing evidence and procedural shortcuts to justify Rule 11 sanctions. The district court's order adopted Bridgecrest's version of events without discovery,

briefing, or factual development. Bridgecrest's revised brief asserts that Fletcher's claims were "demonstrably false" and that Counsel "refused to consider the evidence." But Bridgecrest's internal records were produced post-filing and never tested through discovery. Its characterization presumes adjudicated facts without evidentiary development. Bridgecrest's reliance on *post hoc* billing records and informal communications cannot substitute for adversarial testing or satisfy the procedural thresholds for sanctions. The Fifth Circuit does not permit sanctions based on untested assertions or informal communications.

## B.    STANDARD OF REVIEW

Experian and Bridgecrest misstate the applicable standard of review. While Rule 11 and § 1927 sanctions are generally reviewed for abuse of discretion, sanctions imposed *sua sponte* without notice or hearing implicate due process and are reviewed de novo. See *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). Inherent power sanctions require clear and convincing evidence of bad faith and are subject to heightened scrutiny. Where sanctions are imposed *sua sponte* without briefing or evidentiary hearing, the Fifth Circuit applies de novo review to safeguard constitutional due process.

## C.  THE DISTRICT COURT ERRED IN IMPOSING SANCTIONS UNDER § 1927

Experian's claim that counsel "recklessly prosecuted a meritless claim" is unsupported in the procedural record. The complaint was filed based on Fletcher's sworn FTC Identity Theft Report and consistent assertions of fraud. Experian's claim that counsel should have "known" the allegations were false presumes facts outside the pleadings and ignores the limited pre-suit access to Bridgecrest's internal records.

Experian cites *Morrison*, which involved repeated filings after dispositive rulings and a clear record of delay. *Morrison v. Walker*, 939 F.3d 633, 636–37 (5th Cir. 2019). Fletcher's counsel filed a single complaint and participated in early case management. That is not "multiplying" proceedings under § 1927. See 28 U.S.C. § 1927. The statute applies only to conduct prolonging litigation after it has begun. It does not reach the filing of a single, non-frivolous pleading supported by evidence. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). Sanctions are an extraordinary remedy, reserved for conduct that is both objectively unreasonable and undertaken in bad faith. See *Morrison*, 939 F.3d at 637.

Experian's argument that counsel's withdrawal motion constituted misconduct is unfounded. The motion complied with local rules and reflected a breakdown in communication, not an attempt to evade responsibility. Experian's suggestion that counsel had a duty to "confess frivolity" is unsupported by Fifth Circuit authority. Experian's silence on the procedural defects, coupled with its failure to defend the lack of briefing, hearing, or notice, underscores its dependence on expedience rather than adjudication. Experian's refusal to defend the procedural record is not mere omission; it is tactical endorsement. By remaining silent on the absence of briefing, hearing, or notice, Experian signals its comfort with adjudicative shortcuts that favor defense narrative over adversarial rigor. That silence is not passive nor neutral; it is strategic complicity. Experian's refusal to defend the procedural record is not mere omission, it is strategic complicity. Silence here is not neutral; it is tactical. Experian benefits from a sanctions order imposed without process, and its refusal to engage the procedural record underscores the structural defect.

Bridgecrest cites *Morrison* to justify sanctions, but *Morrison* involved repeated filings after dispositive rulings. *Morrison*, 939 F.3d at 637. Again, Fletcher's counsel filed a single complaint and participated in early case management. Bridgecrest's analogy fails both factually and procedurally.

10

Bridgecrest's reliance on *Morrison* also ignores the Fifth Circuit's warning that §
1927 must not be used to punish counsel for pursuing claims that ultimately fail.
*Morrison*, 939 F.3d at 637. Bridgecrest identifies no procedural multiplication, no
duplicative filings, no discovery abuse, no delay tactics. Its § 1927 theory is
structurally defective and unsupported by the record. See 28 U.S.C. § 1927. The
absence of procedural multiplication renders its § 1927 theory structurally
defective. The statute targets abusive litigation conduct, not adverse outcomes. The
Fifth Circuit requires a pattern of vexatious conduct, not a single filing supported
by sworn statements and FTC documentation. Bridgecrest's sanctions were
imposed under Rule 11, not § 1927, but the procedural defects are parallel.

The motion was adjudicated *sua sponte* at a Rule 16 conference without
briefing or a show cause order, violating Rule 11(c)(2). Bridgecrest defends the
Rule 11 adjudication by claiming Counsel had "notice" via a draft motion and Rule
16 hearing. Informal communications and draft motions do not satisfy Rule
11(c)(2)'s mandatory service requirement. The Fifth Circuit has rejected attempts
to substitute informal notice for procedural compliance. See *Deepwater Horizon v.
Lake Eugenie Land & Dev., Inc.*, 857 F.3d 246, 250 (5th Cir. 2017). Bridgecrest's
reliance on informal exchanges confirms the absence of formal service, and the
structural defect that follows. Because no formal Rule 11 motion was ever served

and Fletcher was afforded no opportunity to respond, the district court acted without jurisdiction to impose sanctions. The Fifth Circuit treats Rule 11(c)(2)'s safe-harbor as a mandatory claim-processing rule, and non-compliance with that requirement renders the sanction order void.

The district court's *sua sponte* imposition of sanctions, without briefing, evidentiary hearing, or show cause order, exceeds the bounds of judicial discretion. The Fifth Circuit has warned that courts must not "act as advocates" when imposing sanctions. See *Deepwater Horizon*, 857 F.3d at 250. The district court did not merely err; it abandoned neutrality. By adopting defense narrative without briefing, discovery, or evidentiary hearing, the court converted judicial discretion into strategic leverage. That is not adjudication; it is alignment. Here, the court adopted defense narrative wholesale, bypassing adversarial safeguards and converting judicial authority into strategic leverage. The Fifth Circuit does not permit sanctions imposed *sua sponte* without briefing or evidentiary hearing.

## D.   THE DISTRICT COURT'S FINDINGS WERE PROCEDURALLY AND FACTUALLY DEFICIENT

Experian claims the district court made "detailed findings," but the order reflects no evidentiary hearing, no credibility determinations, and no factual development beyond the pleadings. The absence of procedural safeguards

12

precludes deference. The court relied on defense assertions and billing records without testing Fletcher's claims through discovery, cross-examination, or evidentiary hearing. This violates the procedural safeguards required under § 1927 and the court's inherent powers. See *Edwards*, 153 F.3d at 246.

Experian mischaracterizes the FTC Identity Theft Report. Fletcher's submission identified multiple disputed accounts and attached sworn, government-issued documentation consistent with identity theft. Courts recognize such reports as credible evidence of disputed identity and routinely treat them as *prima facie* proof of fraud. See *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020) (government-issued fraud documentation triggers evidentiary presumption). Experian's claim that Fletcher "used the same license" to purchase the vehicle is speculative and ignores the possibility of impersonation or document misuse, issues that require factual development, not judicial inference.

Bridgecrest's defense of the sanctions order rests on a *post hoc* narrative that violates controlling precedent. Frivolousness must be assessed at the time of filing, not in hindsight. *Fox v. Vice*, 563 U.S. 826, 834–36 (2011) ("The question is whether the case was frivolous when filed, not whether it later proved to be so."); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("Rule 11 sanctions are to be imposed only for arguments that are frivolous when made, not for those

13

that later prove unsuccessful."). The district court relied on records produced after the complaint was filed and Experian's strategic silence, of contemporaneous evidence, to justify sanctions. That is not adjudication; it is retroactive punishment.

Bridgecrest conflates dismissal with misconduct, using outcome as evidence and silence as guilt. That framing collapses under *Fox* and *Cooter*, which bar retroactive justification and demand contemporaneous scrutiny. The district court made no finding of bad faith, held no evidentiary hearing, and imposed sanctions without procedural compliance. That is not discretion; it is distortion. The district court made no contemporaneous finding that the FTC affidavit was facially implausible or that Fletcher's reliance was unreasonable. Its silence at the time of filing undermines any retroactive claim of frivolity.

Bridgecrest's defense hinges on a retrospective dismissal and selective skepticism of the FTC affidavit. That posture misuses hindsight to justify sanctions that were procedurally defective at the moment they were imposed. Under *Fox* and *Cooter*, frivolousness must be judged at filing, not reconstructed after the fact. The district court imposed sanctions without finding bad faith, without notice, and without hearing. That is not discretion; it is adjudicative drift.

Fletcher's complaint was supported by a sworn FTC affidavit alleging identity theft and unauthorized account activity. That affidavit was facially credible

and consistent with fraud documentation Experian submitted in other proceedings.
Bridgecrest's claim that the affidavit was unreliable is unsupported by any
evidentiary hearing and contradicted by the record.

Moreover, the district court made no finding of bad faith or improper
purpose. Rule 11 sanctions require more than disagreement; they require
misconduct. Rule 11(c)(2) mandates notice and a hearing before sanctions are
imposed. Fletcher received neither. The order bypassed procedural safeguards and
imposed sanctions based on silence, speculation, and post-filing narrative. That
violates Rule 11, § 1927, and the Fifth Circuit's due process mandate.

Bridgecrest's revised brief recites a chronology of emails, phone calls, and
payment records to argue Fletcher's claims were false. But none of this evidence
was subject to cross-examination or discovery. The Fifth Circuit does not defer to
untested factual assertions, especially when sanctions are imposed without
evidentiary hearing. Bridgecrest's evidentiary posture rests entirely on internal
records and communications that were never authenticated, disclosed pre-suit, or
subjected to adversarial testing.

Sanctions imposed without formal notice, briefing, or evidentiary hearing
constitute structural error. See *Puckett v. United States*, 556 U.S. 129, 135 (2009)
(structural errors "affect the framework within which the trial proceeds"). The

absence of notice, briefing, and evidentiary hearing here is not procedural oversight; it is constitutional failure. Structural errors are not subject to harmless error review. They "affect the framework within which the trial proceeds." *Puckett*, 556 U.S. at 135. The absence of notice, briefing, and evidentiary hearing here is not procedural oversight; it is constitutional failure. Reversal is not discretionary; it is mandatory. The procedural defect here undermines the integrity of the adjudication and compels reversal. The absence of adversarial safeguards here is not harmless; it is constitutionally fatal. The Fifth Circuit has repeatedly held that sanctions imposed *sua sponte* without notice or hearing violate core constitutional protections. *See Deepwater Horizon*, 857 F.3d at 250 ("Due process requires notice and an opportunity to be heard before sanctions are imposed."). The district court's failure to issue a show cause order or permit briefing renders the sanctions void for lack of procedural foundation. Bridgecrest's evidentiary submission, untested, unauthenticated, and *post hoc*, fails every threshold for sanctionable conduct. The Fifth Circuit does not permit punishment by narrative.

The Fifth Circuit requires factual findings grounded in adversarial process, not unilateral narrative. Bridgecrest's internal records were produced after the complaint was filed and do not retroactively render the claims frivolous. Counsel relied on Fletcher's sworn FTC Identity Theft Report and his consistent statements

of fraud. Rule 11 requires courts to assess investigation reasonableness at the time of filing, not in hindsight. Bridgecrest concedes its records were produced after the complaint but insists they "do not retroactively render the claims frivolous." That concession undermines its own argument. Rule 11 adjudication is temporal. It evaluates the reasonableness of counsel's investigation at the time of filing, not in hindsight. Bridgecrest's post-filing records are legally irrelevant to that inquiry. Their own timeline forecloses the sanction. Rule 11 requires courts to assess investigation reasonableness at the time of filing, not based on *post hoc* documentation.

The district court's *sua sponte* sanctions order violated Fletcher's constitutional right to procedural due process. The Fifth Circuit has held that sanctions imposed without formal notice, briefing, or evidentiary hearing are reviewed de novo, not merely for abuse of discretion, because they implicate core constitutional safeguards. See *Edwards*, 153 F.3d at 246. These procedural failures are not siloed; they cascade into the fee award itself. The district court did not merely misapply Rule 11 and § 1927; it compounded the error by awarding fees untethered from causation, inflated by joint defense coordination, and justified by silence rather than scrutiny.

**E.    THE FEE AWARD WAS EXCESSIVE AND UNSUPPORTED**

The procedural defects underlying the sanctions order cascade into the fee award itself. The district court did not merely misapply Rule 11 and § 1927; it compounded the error by awarding fees untethered from causation, inflated by joint defense coordination, and justified by silence rather than scrutiny. That is not compensation; it is strategic reward.

Bridgecrest may claim that the district court exercised billing judgment and applied a reasonable percentage allocation. That argument fails under *Vaughan*, which requires courts to "segregate fees incurred defending frivolous claims from those incurred defending non-frivolous ones." It also violates *Fox*, 563 U.S. at 836, which limits recovery to fees "that would not have been incurred but for the frivolous claim." Bridgecrest's billing includes vague entries, joint defense coordination, and post-dismissal work, none of which were causally linked to the alleged misconduct. The district court made no causation findings and applied a bulk allocation that distorts the compensatory purpose of § 1927.

Bridgecrest's billing records include entries unrelated to the alleged misconduct, including post-dismissal work, vague time descriptions, and coordination with Experian, who never moved for fees and whose silence shielded its own contradictory records. Experian's silence was not neutral. It enabled

Bridgecrest to inflate billing scope without evidentiary challenge, while shielding documentation that contradicted the sanctions narrative. That silence distorted the compensable frame and undermined the adversarial process. See *Fox*, 563 U.S. at 836; *Vaughan,* 62 F.4th at 207.

The district court made no attempt to isolate fees "caused by" the alleged violation, as required by *Fox*, 563 U.S. at 836 ("Defendants may receive only the portion of their fees that they would not have incurred but for the frivolous claim."), and reaffirmed by *Vaughan*, 62 F.4th at 207 ("The district court must segregate fees incurred defending frivolous claims from those incurred defending non-frivolous ones."). Instead, it applied a bulk percentage allocation that violates the compensatory purpose of § 1927 and the Fifth Circuit's demand for task-specific segregation.

Experian's fee request of $52,236.75, reduced to $13,059.18, was based on work performed before any judicial finding of frivolity. The district court failed to isolate fees "caused by" vexatious conduct, as required by § 1927 and reaffirmed in *Vaughan.* See *Vaughan*, 62 F.4th at 207. Instead, the court awarded a flat percentage based on billing records that included general litigation tasks. This violates the compensatory purpose of § 1927 and constitutes an abuse of discretion. See *Vaughan,* 62 F.4th at 207. The Supreme Court has expressly rejected

percentage-based fee allocations divorced from causation. *See Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983) ("Work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved."). The award here suffers that precise defect.

Bridgecrest's fee award is structurally defective. It bundles unrelated litigation tasks, lacks line-item causation findings, and includes entries that violate the Fifth Circuit's mandate in *Vaughan*, and the Supreme Court's directive in *Fox*. See *Vaughan*, 62 F.4th at 207; *Fox,* 563 U.S. at 836. The district court awarded 60% of Bridgecrest's total fees without isolating those "caused by" the alleged Rule 11 violation. That bulk allocation is not compensatory, it is punitive.

Bridgecrest's fee award encompassed general litigation tasks unrelated to the alleged Rule 11 violation. The court failed to apportion fees or make specific findings linking them to sanctionable conduct. Bridgecrest's revised brief claims the district court "was not required to make specific findings" and that billing judgment was exercised. But the Fifth Circuit requires segregation of fees caused by sanctionable conduct. Bridgecrest's motion sought 76% of total fees, and the district court awarded 60%, without isolating fees attributable to the alleged violation. Bridgecrest's revised brief offers no line-item breakdown of tasks linked to the alleged misconduct. Its reliance on percentage-based allocation contradicts

20

*Vaughan*'s mandate for causation-specific findings and renders the award structurally defective. *Vaughan,* 62 F.4th at 207.

Bridgecrest's fee request includes entries for inter-defendant coordination and general litigation tasks, none causally linked to the alleged violation. Bridgecrest's billing entries include coordination with Experian, internal strategy sessions, and communications unrelated to Fletcher's claims. These entries reflect strategic inflation, not compensable harm. The Fifth Circuit requires fee segregation by causation, not convenience. *See Fox,* 563 U.S. at 836 ("The court must determine which fees were incurred because of the frivolous claim."). The Fifth Circuit requires line-item segregation of fees caused by sanctionable conduct. *See Vaughan*, 62 F.4th at 207. Bridgecrest's fee request includes inter-defendant coordination, general litigation tasks, and communications unrelated to the alleged violation. The district court awarded 60% of total fees without isolating causation. That bulk allocation violates *Vaughan* and renders the award non-compensatory. *Vaughan,* 62 F. 4th at 207

The award is a bulk invoice, not a compensable harm analysis. The absence of line-item segregation violates *Vaughan* and renders the award non-compensatory. *Vaughan,* 62 F. 4th at 207. This violates the compensatory purpose of § 1927 and constitutes an abuse of discretion.

Bridgecrest's Rule 38 request is procedurally meritless and tactically reckless. It seeks appellate sanctions based on trial-level speculation and unauthenticated records. Fletcher's appeal raises legitimate procedural and legal questions, and the record reflects genuine disputes over both the adequacy of counsel's investigation and the district court's failure to follow required process. Appellate sanctions require a showing of objective frivolity, which the record does not support. Bridgecrest asks this Court to impose Rule 38 damages for a "frivolous appeal," citing its own billing records and speculative misconduct theories. But Fletcher's appeal raises legitimate procedural and legal questions, and Bridgecrest's request is itself a tactical overreach.

Rule 38 is not a tool for retroactive punishment. Bridgecrest's request rests on unauthenticated records and speculative misconduct theories. Bridgecrest's invocation of Rule 38 borders on sanctionable conduct. The Fifth Circuit has condemned attempts to weaponize appellate procedure against legitimate challenge. Rule 38 is not a tactical cudgel; it is a safeguard against objectively frivolous appeals. Bridgecrest's request, grounded in unauthenticated records and speculative misconduct theories, confirms the need for reversal, not just of the sanctions order, but of the procedural culture that enabled it. The Fifth Circuit has warned against using appellate sanctions as tactical leverage. *See Cooter*, 496 U.S.

22

at 397 ("Sanctions must not be used as mere fee-shifting devices."); *Bryant v. Military Dep't of Miss.*, 97 F.3d 678, 682 (5th Cir. 2010) ("Sanctions under Rule 11 are collateral to the merits and may be imposed after dismissal."). Bridgecrest's request is not grounded in objective frivolity; it is a strategic maneuver to chill legitimate appellate review.

Experian's silence enabled Bridgecrest to inflate billing scope without evidentiary challenge or causation findings, violating *Fox* and *Vaughan*. Bridgecrest's billing scope was never tested against causation, necessity, or Fletcher's actual conduct. Fee awards must be causally tied to specific misconduct, not merely proximity or shared docket. See *In re Case*, 937 F.2d 1014, 1023 (5th Cir. 1991) ("The court must carefully tie the award to the sanctionable conduct."). That silence was strategic, not incidental. The Fifth Circuit requires objective frivolity, not strategic retaliation. *See Coghlan*, 852 F.2d at 811 ("An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit.") Experian identifies no conduct that multiplied proceedings, and no factual basis for bad faith. Section 1927 sanctions require evidence of bad faith, improper motive, or reckless disregard of duty, not mere withdrawal or frustration. See *Bryant*, 597 F.3d at 694. Courts require a clear showing of bad faith, not speculation or narrative. See *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1292

(5th Cir. 1983) (reversing § 1927 sanctions where record lacked evidence of vexatious intent*). Section 1927 requires more than weak claims or procedural missteps; it demands a sustained course of vexatious litigation. See *Matta v. May*, 118 F.3d 410, 413 (5th Cir. 1997) (reversing § 1927 sanctions where attorney filed only one complaint and did not prolong litigation).

## CONCLUSION

The Constitution does not permit punishment by inference, and this Court does not permit sanctions imposed without process. Reversal is not optional; it is the Fifth Circuit's duty to preserve adversarial integrity. Experian's brief fails to justify the district court's sanctions order under § 1927 or the court's inherent powers. See 28 U.S.C. § 1927. The record does not support the finding of bad faith, reckless conduct, or vexatious multiplication of proceedings. The fee award is excessive, procedurally unsupported, and improperly calculated. Bridgecrest's revised brief confirms the procedural defects Fletcher identified: sanctions imposed without formal notice, without evidentiary hearing, and without fee segregation. Bridgecrest's attempt to reframe the record as settled ignores the Fifth Circuit's requirements for Rule 11 adjudication and § 1927 sanctions. See 28 U.S.C. § 1927. Bridgecrest's own concessions expose the procedural shortcuts, speculative evidence, and *post hoc* rationalizations underlying the sanctions order. Bridgecrest's

failure to isolate misconduct, segregate fees, or support findings with tested evidence confirms the need for reversal and remand under adversarial safeguards. The Fifth Circuit does not permit sanctions imposed without notice, hearing, or evidentiary rigor. Bridgecrest's revised brief confirms that the sanctions order rests on procedural shortcuts, speculative evidence, and *post hoc* rationalizations. Its failure to isolate misconduct, segregate fees, or support findings with tested evidence underscores the need for reversal.

Fletcher respectfully requests reversal of the sanctions order and remand for proceedings consistent with procedural safeguards. The district court's order rests on untested assertions, unauthenticated records, and procedural shortcuts. Reversal is not discretionary; it is required to restore adversarial integrity and constitutional compliance. The Fifth Circuit's institutional integrity depends on enforcing procedural safeguards and rejecting sanctions grounded in speculation. Upholding the district court's order would signal tolerance for shortcut adjudication and strategic punishment. Reversal is not merely corrective; it is protective. The Fifth Circuit's role extends beyond error correction. It safeguards the adversarial framework against procedural erosion and strategic abuse. Upholding sanctions imposed without notice, hearing, or evidentiary rigor would normalize shortcut adjudication and chill legitimate advocacy.

Reversal is not discretionary; it is constitutionally compelled. It restores procedural integrity and deters adjudicative shortcuts that chill legitimate advocacy. The Fifth Circuit's reversal must do more than correct error; it must deter procedural weaponization. Sanctions imposed without process, grounded in unauthenticated records and speculative narrative, signal a dangerous precedent. Reversal here is not just restorative; it is prophylactic. It protects the adversarial framework from erosion by strategic overreach. Reversal is not merely corrective; it is constitutionally compelled. Sanctions imposed without notice, hearing, or evidentiary rigor violate the Fifth Circuit's due process mandate. Upholding such an order would signal tolerance for adjudicative shortcuts and chill legitimate advocacy. If unauthenticated records and *post hoc* narrative can trigger sanctions, then zealous advocacy becomes a liability. The Fifth Circuit has warned that sanctions must not punish counsel for pursuing plausible claims. See *Cooter*, 496 U.S. at 393. Reversal here is not just corrective; it is a reaffirmation that adversarial rigor must not be penalized. The Constitution does not permit punishment by inference. Reversal here will not only correct this case but will deter the procedural weaponization of sanctions in future litigation.

This appeal is not about a fee dispute; it is about the structural integrity of the adversarial process. From the outset, Fletcher was sanctioned without notice,

briefing, or evidentiary hearing, based on unauthenticated records and *post hoc* narrative. That procedural shortcut is not harmless; it is unconstitutional. The district court's order bypassed Rule 11's safeguards, misapplied § 1927, and endorsed a sanctions framework that punishes advocacy rather than misconduct. Reversal is not a favor to counsel; it is a reaffirmation of the procedural rigor that protects every litigant, every claim, and every court from strategic distortion. The Fifth Circuit has warned against adjudicative shortcuts. This case demands that warning be enforced. The sanctions order violates Rule 11(c)(2), rests on *post hoc* justification barred by *Fox* and *Cooter*, and awards fees without causation segregation required by *Vaughan*. These are not discretionary errors; they are structural defects that compel reversal.

The district court imposed sanctions without findings, inflated fees without causation, and endorsed silence as strategy. It exercised discretion without anchoring to Rule 11, § 1927, or the record. That is not judicial management. It is doctrinal abandonment. Sanctions must be grounded in objective evidence and articulated findings, not frustration, silence, or narrative. See *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1023 (5th Cir. 1994). Rule 11 discretion must be exercised within procedural bounds and anchored to articulated findings. See *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1131 (9th Cir. 2008) ("A

sanctions order must be supported by a specific finding of bad faith and a clear articulation of the factual basis."); *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 873–74 (5th Cir. 1988) (en banc) ("The district court must carefully articulate the evidence and reasoning supporting its decision to impose sanctions."); *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) ("Discretion is not unbounded. It must be exercised within the framework of the applicable rules and precedents."); *Case*, 937 F.2d at 1023; *Lewis* 711 F.2d at 1292.

Bridgecrest's defenses collapse under Fifth Circuit precedent. *Fox* and *Cooter* bar retroactive justification. *Vaughan* requires fee segregation. *Coghlan* limits Rule 38 to objectively frivolous appeals. Experian's silence distorted the billing frame and shielded contradictory records. The district court made no finding of bad faith, held no evidentiary hearing, and imposed sanctions without procedural compliance. If this order stands, it will not just chill advocacy; it will codify silence as guilt and narrative as evidence. That is not adjudication. It is erosion by silence, inflation, and discretion untethered from evidence.

SUBMITTED BY:
*/s/ Heather Hersh*
Heather Hersh
Tx Bar Number 24025426
FCRA ATTORNEYS
5301 Alpha Road, Suite 80-5
Dallas, TX 75240

T: (214) 945-0000
F: (469) 669-0786
heather@fcraattorneys.com

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2025, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the following registered CM/ECF users:

*/s/ Heather Hersh*
Heather Hersh

**CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of the FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document, exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1: This document contains 5300 words.

2. This document complies with the typeface requirements of the FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Version 2503 in 14-point font in Times New Roman.

*/s/ Heather Hersh*
Heather Hersh
