# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
December 18, 2025
Lyle W. Cayce
Clerk

No. 25-20086

ROBERT FLETCHER,

                *Plaintiff—Appellant*,

versus

EXPERIAN INFORMATION SOLUTIONS, INCORPORATED;
BRIDGECREST CREDIT COMPANY, L.L.C.,

                *Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-370

---

## NOTICE AND ORDER TO SHOW CAUSE

ORDER:

In this appeal, counsel for appellant, Heather Hersh, filed a reply brief with numerous inaccurate citations, quotations, and statements of fact. The following quotations do not appear in the cited cases and filings:

| Citation | Quotation |
| --- | --- |
| *In re Deepwater Horizon*, 857 F.3d 246, 250 (5th Cir. 2017). | The Fifth Circuit has warned that courts must not "act as advocates" when imposing sanctions. |

| | |
|---|---|
| *Fox v. Vice*, 563 U.S. 826, 834–36 (2011). | "The question is whether the case was frivolous when filed, not whether it later proved to be so." |
| *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). | "Rule 11 sanctions are to be imposed only for arguments that are frivolous when made, not for those that later prove unsuccessful." |
| *In re Deepwater Horizon*, 857 F.3d 246, 250 (5th Cir. 2017). | "Due process requires notice and an opportunity to be heard before sanctions are imposed." |
| Bridgecrest's brief | Bridgecrest concedes its records were produced after the complaint but insists that they "do not retroactively render the claim frivolouos." |
| *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199 (5th Cir. 2023). | That argument fails under *Vaughan*, which requires courts to "segregate fees incurred defending frivolous claims from those incurred defending non-frivolous ones." |
| *Fox v. Vice*, 563 U.S. 826, 836 (2011). | It also violates *Fox*, 563 U.S. at 836, which limits recovery to fees "that would not have been incurred but for the frivolous claim." |
| *Fox v. Vice*, 563 U.S. 826, 836 (2011). | "Defendants may receive only the portion of their fees that they would not have incurred but for the frivolous claim." |

| | |
|---|---|
| *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 207 (5th Cir. 2023). | "The district court must segregate fees incurred defending frivolous claims from those incurred defending non-frivolous ones." |
| *Fox v. Vice*, 563 U.S. 826, 836 (2011). | "The court must determine which fees were incurred because of the frivolous claim." |
| *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990). | "Sanctions must not be used as mere fee-shifting devices." |
| *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 682 (5th Cir. 2010). | "Sanctions under Rule 11 are collateral to the merits and may be imposed after dismissal." |
| *In re Case*, 937 F.2d 1014, 1023 (5th Cir. 1991). | "The court must carefully tie the award to the sanctionable conduct." |
| *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1131 (9th Cir. 2008). | "A sanctions order must be supported by a specific finding of bad faith and a clear articulation of the factual basis." |
| *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 873–74 (5th Cir. 1988) (en banc). | "The district court must carefully articulate the evidence and reasoning supporting its decision to impose sanctions." |
| *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987). | "Discretion is not unbounded. It must be exercised within the framework of the applicable rules and precedents." |

In addition to these hallucinated quotes, Appellant's reply brief contains these inaccurate citations and assertions:

- The brief cites *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998), for the proposition that "sanctions imposed *sua sponte* without notice or hearing implicate due process and are reviewed de novo." This case does not mention *de novo* review, *sua sponte* sanctions, or lack of notice or a hearing.

- The brief cites *In re Deepwater Horizon Inc.*, 857 F.3d 246, 250 (5th Cir. 2017), for the proposition that the "Fifth Circuit has rejected attempts to substitute informal notice for procedural compliance." This case has no apparent relation to the proposition for which the brief cites it.

- The brief asserts that "no formal Rule 11 motion was ever served." Bridgecrest served its Rule 11 motion on Appellant at least 21 days before filing its Rule 11 motion.

- The brief cites *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020), for the proposition that "government-issued fraud documentation triggers evidentiary presumption." The court cannot discern this proposition from the cited case.

- The brief asserts that *Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1292 (5th Cir. 1983), reversed 28 U.S.C. § 1927 sanctions where the record lacked evidence of vexatious intent. *Lewis* affirmed a sanctions award issued under § 1927.

By virtue of this court's inherent authority, together with its authority under Federal Rules of Appellate Procedure 32(d) and 46(c), Hersh is directed to SHOW CAUSE, by letter on or before December 29, 2025, why this court should not impose sanctions for counsel's conduct in light of the

foregoing. In her response, Hersh should explain whether and how she verified the accuracy of the propositions in her brief.

LYLE W. CAYCE, CLERK
United States Court of Appeals
for the Fifth Circuit
/s/ Lyle W. Cayce

ENTERED AT THE DIRECTION OF THE COURT